Peter G. Bertling [S.B. #131602]
Bertling Law Group, Inc.
15 West Carrillo Street, Suite 100
Santa Barbara, CA 93101
Telephone: 805-879-7558
Facsimile: 805-962-0722
peter@bertlinglawgroup.com

Attorneys for Plaintiff MICHAEL J. PHILLIPS

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. PHILLIPS,<br><br>　　　　　　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES: PERSONAL INJURIES BASED ON NEGLIGENCE** |

COMES NOW, Plaintiff MICHAEL J. PHILLIPS, by and through counsel, and states as follows:

1. This Court has original jurisdiction under 28 U.S.C. §1346(b) because Plaintiff's claim is a Federal Tort Claim pursuant to 28 U.S.C. §2671(b), et seq.

2. On or about February 19, 2020, Plaintiff submitted an administrative tort claim to the U.S. Department of Veterans Affairs ("Department"), as required by 28 U.S.C. §§2401(b) and 2675(a). On February 28, 2020, the Department notified Plaintiff they received his tort claim on February 19, 2020, and had six (6) months to consider it before he could file suit in Federal District Court.

///
///

- 1 -
**COMPLAINT FOR DAMAGES: PERSONAL INJURIES BASED ON NEGLIGENCE**

3. Plaintiff has not been contacted by anyone from the Department since they received his claim on February 19, 2020.  Plaintiff presented his claim to the Department within two (2) years of the date it arose, and he has exhausted his administrative remedies as required by 28 U.S.C. §2675(a)

4. Plaintiff's claim is based on allegations of preventable and inexcusable negligence from June 2019 through July 2019 at the West Los Angeles Veterans Affairs Medical Center.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1402 (b) and 32 CFR §750.32 because it is where the Defendant's negligence occurred.

6. Plaintiff Michael J. Phillips was honorably discharged from the Navy in August 1977. He was diagnosed with Diabetes mellitus in 2002 and managed with medication and finger-stick blood sugars. He was a compliant patient who took his diabetic medication as prescribed. His prescriptions were filled through the West Los Angeles Veterans Administration ("West LA VA") and mailed to his residence in Paso Robles, California.

7. In June 2019, Plaintiff contacted the West LA VA and notified them he was temporarily moving to Arizona to take care of his mother who suffered from dementia and needed his assistance.  He provided a VA representative with his new mailing address. He was assured his medication and diabetic supplies would be sent to the new address in a timely fashion so he would not miss any doses of his required medication.

8. On June 24, 2019, Plaintiff was informed by a VA representative his address change was inadvertently processed for only one day. However, the representative assured Plaintiff the error would immediately be corrected, and his medication and supplies would be sent to the new address in a timely fashion. This did not happen.

9. During the next few weeks, Plaintiff made numerous phone calls to the West LA VA and notified them he had still not received his required medication and supplies. Each time he spoke with a VA representative he was assured the medication and supplies would be promptly delivered to him.

- 2 -
**COMPLAINT FOR DAMAGES: PERSONAL INJURIES BASED ON NEGLIGENCE**

10. The VA made no arrangements whatsoever to contact a local pharmacy in Arizona where Plaintiff could pick up his medication and supplies or have them delivered to him. Instead, he was told it was not necessary for him to do anything because his medication would be promptly delivered to his new address. Unfortunately, this never happened.

11. On July 14, 2019, the inevitable happened. Plaintiff became unconscious and his mother, who was unable to take him to the Emergency Department, called Emergency medical services. Plaintiff was brought to the Havasu Regional Medical Center: Emergency Room and immediately diagnosed with Diabetic ketoacidosis. He was admitted to the intensive care unit ("ICU") and remained hospitalized until July 19, 2019.

12. As a result of Defendant's preventable negligence, Plaintiff has experienced significant emotional distress because he was completely unable to care for his mother at a time when she needed him most. It took Plaintiff several months to regain his strength following his July 2019 hospitalization and admission to the ICU. He was embarrassed because he needed to rely on friends to help him during his recovery process. Plaintiff's Post-traumatic stress disorder ("PTSD"), anxiety, and depression were exacerbated and required additional treatment because of the VA's preventable negligence.

13. Defendant breached a duty of care it owed to Plaintiff to provide him his essential, live saving medications in a timely fashion when they promised to do so on multiple occasions. Defendant also breached a duty of care it owed to Plaintiff when it failed to take any action whatsoever to contact a local pharmacy in Arizona who could fill and deliver Plaintiff's medication to him in a timely fashion.

14. As a direct and proximate result of Defendant's preventable negligence, Plaintiff has been hurt and injured in his health, strength and activity, sustaining injury to his body, and shock and injury to his nervous system.

15. As a further, direct and proximate result of Defendant's preventable negligence, Plaintiff has suffered mental anguish, fright, humiliation, and emotional and physical trauma.

WHEREFORE, Plaintiff prays for judgment as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Costs of suit as allowed by law; and
4. Such other and further relief as the Court deems proper.

Respectfully submitted,

DATED: November 12, 2020    BERTLING LAW GROUP, INC.

*/s/ Peter G. Bertling*
Peter G. Bertling
Attorneys for Plaintiff
MICHAEL J. PHILLIPS